UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| ERIK E. NEAL, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO.: 3:12-CV-68-TLS |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

The Petitioner, Erik E. Neal, Jr., a prisoner confined at the Indiana State Prison, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] on February 3, 2012, challenging his 2009 St. Joseph County criminal conviction for felony murder. This matter is before the Court on the Petitioner's Motion to Stay and Abey Petition [ECF No. 8] in which he states that he "is a pro se litigant seeking state post-conviction relief and is confused and unsure whether his state filing is timely," and "asks this Court to 'stay' the petition until such time as he has exhausted his remedies in the state court." (Mot. to Stay 2, ECF No. 8.) The Respondent has filed a Response in Opposition to Petitioner's Motion to Stay [ECF No. 13] in which he argues that a stay is not appropriate because the Petition "is untimely, and therefore, [the Petitioner's] claims are not properly before the court" and because "[the Petitioner's] sufficiency claim is procedurally defaulted as he failed to raise the claim in Indiana's highest court." (Response 4, ECF No. 13.)

Pursuant to 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petition for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed within one year of the date on which (1) the judgment became final by the conclusion of direct review; (2) a state created unconstitutional impediment

to appeal was removed; (3) the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to the states; or (4) the factual predicate for the claims could have been discovered through the exercise of due diligence. Section 2244(d)(2) provides that a properly filed state application for post-conviction relief or other collateral review tolls the statute of limitations for the period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Artuz v. Bennett*, 531 U.S. 4, 5 (2000).

Title 28 U.S.C. § 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their prisoners' federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 846 (1999) (stating that "comity interests . . . drive the exhaustion doctrine"); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review. *O'Sullivan*, 526 U.S. at 845. When a habeas petitioner "has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Perruquet*, 390 F.3d at 514.

According to the Indiana Court of Appeals Memorandum Decision dated November 23, 2010, "[a]fter a jury trial conducted on April 20–23, 2009, Neal was found guilty . . . . The trial court entered judgment only on the felony murder conviction and sentenced Neal to fifty years." (Mem. Decision 5, ECF No. 13-1 at 6.) On appeal, the Petitioner challenged the sufficiency of

2

the evidence against him and asserted that his sentence violated Indiana law. (*See id.*) The Indiana Court of Appeals affirmed the Petitioner's conviction on November 23, 2010 (*id.*), and he did not seek transfer (Appellate Case History, ECF No. 13-3 at 4). The Petitioner filed his present Petition on January 26, 2012,[1] asserting there was insufficient evidence to sustain his conviction and that his appellate counsel was ineffective. (Pet. 3.) On July 10, 2012, the Petitioner filed a petition for post-conviction relief with the state trial court. (Criminal Chronological Case Summ., ECF No. 13-2.)

Absent very narrow circumstances, a person convicted pursuant to the judgment of a state court may bring only one application for federal collateral relief. 28 U.S.C. § 2244(b); *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997). Accordingly a petitioner should present all of his claims in one habeas petition. Under *Rhines v. Weber*, 544 U.S. 269 (2005), a district court has the discretion to stay rather than dismiss the habeas petition of an applicant who has potentially meritorious unexhausted claims when a dismissal "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006).

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 278.

The stay-and-abeyance procedure established by *Rhines* "is limited to *timely* petitions."

---

[1] The Clerk received the Petitioner's Petition on February 3, 2012. But the "mailbox" rule, established in *Houston v. Lack*, 487 U.S. 266 (1988), provides that a prisoner's submission to the court is to be deemed as "filed" on the date he delivers it to prison authorities for forwarding to the court. The Petitioner signed his Petition on January 26, 2012, declaring under penalty of perjury that he placed his Petition in the prison mailing system on that date. (Pet. 17, ECF No. 1.) Accordingly, for the purposes of its analysis, the Court deems the Petition to have been filed on January 26, 2012.

*Parmley v. Norris*, 586 F.3d 1066, 1073 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 3522 (2010); *see Rhines*, 544 U.S. at 275 (discussing the stay-and-abeyance procedure in the context of "a timely but mixed petition"). Accordingly, if the Respondent's statute of limitations argument is correct, there is no basis to stay this Petition.

A conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). Rule 57(C)(1) of the Indiana Rules of Appellate Procedure provides that a petition for transfer is due no later than thirty days after the adverse decision. The Court of Appeals of Indiana affirmed the Petitioner's conviction on November 23, 2010 (Mem. Decision, ECF No. 13-1), so the thirty days within which he had to file a petition to transfer expired on December 23, 2010. Because the Petitioner did not file a petition to transfer by that deadline, his statute of limitations began to run on December 23, 2010, and he had one year from that date, or December 23, 2011, within which to file a petition for post-conviction relief that would toll the statute of limitations period, or within which to file a petition for writ of habeas corpus.

The Petitioner filed his present Petition on January 26, 2012, thirty-four days after the statute of limitations expired. The state court petition for post-conviction relief, which was filed in July 2012 (*see* Criminal Chronological Case Summ., ECF No. 13-2), did not toll the statute of limitations period because by that time the statute of limitations had already expired, and "an untimely state postconviction petition does not toll the statute of limitations." *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) (citing *Artuz*, 531 U.S. at 8); *see also Freeman v. Page*, 208 F.3d 572, 574 (7th Cir. 2000) ("an untimely petition is not 'properly filed' for the purpose of § 2244(d)").

Because the petition for post-conviction relief filed on July 10, 2012, was filed after the statute of limitations expired under § 2244(d)(1), and the Petitioner has not suggested that his Petition for Writ of Habeas Corpus is timely under any of the other provision of § 2244(d), this Court does not have the authority to stay this Petition. *Parmley*, 586 F.3d at 1073 ("the stay-and-abeyance procedure for mixed petitions is limited to *timely* petitions"). Moreover, the Respondent's response to the Petitioner's Motion to Stay suggests that his Petition is untimely and that in addition to being untimely he has not exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A).

This Court will afford the Petitioner the opportunity to address the question of whether his Petition is timely under any of the provisions of 28 U.S.C. § 2244(d), and the question of whether he has exhausted his state court remedies on any of his claims as required by 28 U.S.C. 2254(b)(1)(A). If the Court concludes the Petition is timely and that the Petitioner has exhausted any of the claims he presents to the Court in his Petition, it will order the Respondent to respond to those claims on the merits. But if the Court concludes that the Petition is untimely or that the Petitioner has not exhausted his state court remedies, it will dismiss his Petition for Writ of Habeas Corpus.

For the foregoing reasons, the court (1) DENIES the Petitioner's Motion for a Stay [ECF No. 8]; (2) AFFORDS the Petitioner until January 14, 2013, within which to advise the Court whether his Petition for Writ of Habeas Corpus is timely under the provisions of 28 U.S.C. § 2244(d), and whether he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A); and (3) AFFORDS the Respondent fourteen days within which to file a reply to any response to this Opinion and Order filed by the Petitioner.

SO ORDERED on December 4, 2012.

                                  s/ Theresa L. Springmann  
                                  THERESA L. SPRINGMANN  
                                  UNITED STATES DISTRICT COURT  
                                  FORT WAYNE DIVISION