UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| ERIK E. NEAL, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO.: 3:12-CV-68-TLS |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

The Petitioner, Erik E. Neal, Jr., a prisoner confined at the Indiana State Prison, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1], challenging his 2009 St. Joseph County criminal conviction for felony murder. The Petitioner filed a Motion to Stay Petition [ECF No. 8], asking the Court "to 'stay' the petition until such time as he has exhausted his remedies in the state court." (Mot. to Stay 2, ECF No. 8.) In response, the Respondent argued that a stay was not appropriate for two reasons. First, the Respondent stated that a stay was inappropriate because the Petition "is untimely, and therefore, [the Petitioner's] claims are not properly before the court." (Response 4, ECF No. 13.) Second, the Respondent argued that a stay was inappropriate because the Petitioner's "sufficiency claim is procedurally defaulted as he failed to raise the claim in Indiana's highest court." (*Id.*)

In an Opinion and Order [ECF No. 14] dated December 4, 2012, the Court denied the Petitioner's request for a stay and abeyance. Because the Respondent produced portions of the state court record suggesting that the Petitioner's habeas petition was untimely and that he had not exhausted all of the claims he presented in his Petition, the Court afforded the Petitioner the opportunity to advise the Court whether his Petition was timely under the provisions of 28 U.S.C. § 2244(d), and whether he had exhausted his state court remedies as required by 28

U.S.C. § 2254(b)(1)(A). The Court advised the parties that if it found the Petition to be timely and if it found that the Petitioner had exhausted any of the claims presented in his Petition, it would then order the Respondent to respond to those claims on the merits, but that it would dismiss the Petition if it is untimely or if the Petitioner has not exhausted his state court remedies. The Petitioner has not responded to the Court's December 4 Opinion and Order, and because he has not shown that his Petition is timely under 28 U.S.C. § 2244(d), the Court will dismiss his Petition for writ of habeas corpus as untimely.

**BACKGROUND**

According to the portions of the state court record submitted by the Respondent in support of his Response to the Motion to Stay Petition, the Indiana Court of Appeals affirmed the Petitioner's conviction on November 23, 2010 (Mem. Decision, ECF No. 13-1), and he did not seek transfer (App. Case History, ECF No. 13-3). The Petitioner filed his Petition for writ of habeas corpus on January 26, 2012,[1] asserting there was insufficient evidence to sustain his conviction and that his appellate counsel was ineffective. (Pet. 3.) On July 10, 2012, the Petitioner filed a petition for post-conviction relief with the state trial court. (Criminal Chronological Case Summ., ECF No.13-2.)

---

[1] As articulated in the December 4 Opinion and Order, the Clerk received the Petitioner's Petition on February 3, 2012. But the "mailbox" rule, established in *Houston v. Lack*, 487 U.S. 266 (1988), provides that a prisoner's submission to the court is to be deemed as "filed" on the date he delivers it to prison authorities for forwarding to the court. The Petitioner signed his Petition on January 26, 2012, declaring under penalty of perjury that he placed his Petition in the prison mailing system on that date. (Pet. 17, ECF No. 17.) Accordingly, for the purposes of its analysis, the Court deems the Petition to have been filed on January 26, 2012.

# ANALYSIS

Pursuant to 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petition for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed within one year of the date on which (1) the judgment became final by the conclusion of direct review; (2) a state created unconstitutional impediment to appeal was removed; (3) the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to the states; or (4) the factual predicate for the claims could have been discovered through the exercise of due diligence. Section 2244(d)(2) provides that a properly filed state application for post-conviction relief or other collateral review tolls the statute of limitations for the period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Artuz v. Bennett*, 531 U.S. 4, 5 (2000).

A conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). Rule 57(C)(1) of the Indiana Rules of Appellate Procedure provides that a petition for transfer is due no later than thirty days after the adverse decision. The Court of Appeals of Indiana affirmed the Petitioner's conviction on November 23, 2010 (Mem. Decision, ECF No. 13-1), so the thirty days within which he had to file a petition to transfer expired on December 23, 2010. Because the Petitioner did not file a petition to transfer by that deadline, his statute of limitations began to run on December 23, 2010, and he had one year from that date, or December 23, 2011, within which to file a petition for writ of habeas corpus, or within which to file a petition for post-conviction relief that would toll the statute of limitations period.

3

The Petitioner filed his Petition on January 26, 2012, thirty-four days after the statute of limitations expired. The state court petition for post-conviction relief, which was filed in July 2012 (*see* Criminal Chronological Case Summ., ECF No.13-2), did not toll the statute of limitations period because by that time the statute of limitations had already expired, and "an untimely state postconviction petition does not toll the statute of limitations." *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) (citing *Artuz*, 531 U.S. at 8); *see also Freeman v. Page*, 208 F.3d 572, 574 (7th Cir. 2000) ("an untimely petition is not 'properly filed' for the purpose of § 2244(d)").

The Petitioner filed his Petition after the statute of limitations expired under 28 U.S.C. § 2244(d)(1), he has not suggested that his Petition is timely under any of the other provisions of § 2244(d), and the record before the Court does not suggest that his Petition is timely under any of the provisions of § 2244(d). Accordingly, the Court must dismiss the Petition as untimely. Because the Petition is untimely, the Court will not address the Respondent's suggestion that the Petitioner has not exhausted his state court remedies.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must consider whether to grant the Petitioner a certificate of appealability. To obtain a certificate of appealability, a habeas petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).

When a district court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

For the reasons stated in this Opinion and Order , the Court concludes that this Petition is barred by the statute of limitations. The Petitioner has not established that reasonable jurists could debate the correctness of this procedural ruling or find a reason to encourage him to proceed further. Accordingly, this Court declines to issue the Petitioner a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the court DISMISSES this Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] pursuant to 28 U.S.C. § 2244(d); DIRECTS the Clerk to close this case; and DENIES the Petitioner a certificate of appealability

SO ORDERED on February 11, 2013.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION